UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, *ex rel.* LAURENCE SCHNEIDER, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 14-1047 (RMC)<br>) |
| J.P. MORGAN CHASE BANK, N.A., *et al.*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**MEMORANDUM OPINION**

Pursuant to the Federal False Claims Act and similar State and District of Columbia laws, Relator Laurence Schneider sued J.P. Morgan Chase Bank, N.A., J.P. Morgan Chase & Co., and Chase Home Finance LLC (collectively "Chase") and argued Chase submitted false claims relating to the National Mortgage Settlement and false claims relating to the Home Affordable Modification Program (HAMP) to decrease its liability to the Federal Government. After over five years in litigation both in front of this Court and the D.C. Circuit, the United States has moved to dismiss the case pursuant to 31 U.S.C. § 3730(c)(2)(A), which permits the United States to dismiss a *qui tam* action "notwithstanding the objections of the person initiating the action." The Court held a hearing on the motion, as required by the statute, and based on the representations made in the briefs and at the hearing will grant the motion.

**I. FACTS**

The general background and facts of this case are set forth in detail in this Court's opinion on Chase's Motion to Dismiss the Second Amended Complaint and will not be repeated here except as necessary to understand the posture of the current motion. *See United States ex*

1

*rel. Schneider v. J.P. Morgan Chase Bank, N.A.*, 224 F. Supp. 3d 48, 50-53 (D.D.C. 2016) (*Schneider I*).

On May 6, 2013, Mr. Schneider filed his initial Complaint as Relator under the False Claims Act, *see* 31 U.S.C. § 3730(b)(1), in the United States District Court for the District of South Carolina. *See* Compl. [Dkt. 1]. The Federal Government declined to intervene on January 13, 2014. *See* Notice [Dkt. 24]. The case was transferred to this Court on June 19, 2014. *See* Transfer Order [Dkt. 58]. Relator filed his First Amended Complaint on November 17, 2014. *See* FAC [Dkt. 80]. On August 31, 2015, the Federal Government again declined to intervene. *See* FAC Notice [Dkt. 96]. Relator filed a Second Amended Complaint on October 2, 2015. *See* SAC [Dkt. 102]. Defendants moved to dismiss on November 12, 2015. *See* Mot. [Dkt. 105]. The Court granted the motion to dismiss and dismissed Mr. Schneider's HAMP claim without prejudice and all other claims with prejudice. *See Schneider I*, 224 F. Supp. 3d 48. The D.C. Circuit affirmed and remanded the case to this Court to allow Mr. Schneider an opportunity to file a motion to amend his complaint to modify the claim that had been dismissed without prejudice. *See United States ex rel. Schneider v. JPMorgan Chase Bank, Nat'l Ass'n*, 878 F.3d 309 (D.C. Cir. 2017) (*Schneider II*).

Mr. Schneider filed a Motion for Leave to File a Third Amended Complaint; Chase opposed; and that Motion is currently ripe for review.[1] On July 2, 2018, after the briefing on Mr. Schneider's Motion was completed, the United States filed a Notice indicating its intent

---

[1] *See* Relator's Mot. for Leave to File Third Am. Compl. [Dkt. 124]; Defs.' Mem. in Supp. of Their Opp'n to Relator's Mot. for Leave to File Third Am. Compl. [Dkt. 126]; Relator's Reply to Defs.' Opp'n to Relator's Mot. for Leave to File Third Am. Compl. [Dkt. 127]; Defs.' Mot. for Leave to File Surreply in Opp'n to Relator's Mot. for Leave to File Third Am. Compl. [Dkt. 128]; Defs.' Surreply in Opp'n to Relator's Mot. for Leave to File Third Am. Compl. [Dkt. 128-1]; Relator's Opp'n to Defs.' Mot. for Leave to File Surreply in Opp'n to Relator's Mot. for Leave to File Third Am. Compl. [Dkt. 129].

to evaluate the proposed amendments to determine if dismissal is appropriate. *See* Notice of Intent to Evaluate Proposed Am. Compl. and Request to Abstain Ruling on Mot. for Leave to Amend [Dkt. 130]. The Court stayed the Motion and granted three extensions of time to the United States as it considered whether to move to dismiss. *See* 9/18/2018 Minute Order; 10/10/2018 Minute Order; 10/23/2018 Minute Order. On November 13, 2018, the United States moved to dismiss the case pursuant to 31 U.S.C. § 3730(c)(2)(A). *See* United States' Mot. to Dismiss [Dkt. 135]. Mr. Schneider opposed and requested a hearing on the motion. *See* Relator Laurence Schneider's Notice of Request for Hearing Regarding United States' Mot. to Dismiss [Dkt. 136]. The Court conducted that hearing on February 27, 2019.

## II. LEGAL STANDARD

The False Claims Act's "chief purpose . . . is to prevent the commission of fraud against the federal government and to provide for the restitution of money that was taken from the federal government by fraudulent means." *United States ex rel. Purcell v. MWI Corp.*, 824 F. Supp. 2d 12, 15 (D.D.C. 2011). The FCA imposes civil penalties for the submission of false claims to the United States government. Private parties, called relators, can sue for violations of the FCA in the name of the United States. *See* 31 U.S.C. § 3730(b)(1). Special procedures apply in such cases, which are called *qui tam* actions—"short for the Latin phrase *qui tam pro domino rege quam pro se ipso in hac parte sequitur*, which means 'who pursues this action on our Lord the King's behalf as well as his own.'" *Vt. Agency of Nat'l Res. v. United States ex rel. Stevens*, 529 U.S. 765, 768 n.1 (2000). When a plaintiff-relator files an initial complaint, it is not immediately served on the defendant, but is instead served on the United States along with "written disclosure of substantially all material evidence and information the [plaintiff] possesses." 31 U.S.C. § 3730(b)(2). Thereafter, the case is stayed for a minimum of sixty days, plus any extensions, while the United States determines whether it will intervene—that is,

whether it will "proceed with the action, in which case the action shall be conducted by the Government; or . . . decline[ ] to take over the action, in which case the person bringing the action shall have the right to conduct the action." *Id*. § 3730(b)(4)(A)-(B). If the government declines to intervene, as happened here, the complaint is unsealed, and the plaintiff-relator may proceed with the case. Even in cases in which the government has declined to intervene, the government retains special rights atypical in traditional civil actions, such as the right to receive all pleadings, intervene at any time for good cause, *see id*. § 3730(c)(3), and petition the Court for a stay of discovery, *see id*. § 3730(c)(4).

Section 3730(c)(2)(A) also permits the government to "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." *Id*. § 3730(c)(2)(A). The D.C. Circuit has interpreted that provision to provide the government "unfettered right to dismiss" a *qui tam* action. *Swift v. United States*, 318 F.3d 250, 252-53 (D.C. Cir. 2003) ("Nothing in § 3730(c)(2)(A) purports to deprive the Executive Branch of its historical prerogative to decide which cases should go forward in the name of the United States. The provision neither sets 'substantive priorities' nor circumscribes the government's 'power to discriminate among issues or cases it will pursue.'"); *see also Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 65 (D.C. Cir. 2008).

### III. ANALYSIS[2]

The United States moves this Court to dismiss Relator's action under 31 U.S.C. § 3730(c)(2)(A). Mr. Schneider opposes, arguing that the United States does not have unfettered

---

[2] This Court's jurisdiction remains as described in the opinion on Defendants' motion to dismiss the second amended complaint. *See Schneider I*, 224 F. Supp. 3d at 56. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3730(a). This Court is the

4

discretion to dismiss *qui tam* actions because the Department of Justice created internal rules to govern when to dismiss actions under § 3730(c)(2)(B) and in this case none of the necessary conditions applies. Mr. Schneider spends considerable pages to demonstrate the strength of his *qui tam* case against Chase.

Despite DOJ's internal procedures and Mr. Schneider's argument about the strength of his allegations, this Court is bound by Circuit precedent which holds that the United States may, without the consent of the Relator, dismiss actions brought on its behalf. *See Hoyte*, 518 F.3d at 65; *Swift*, 318 F.3d at 252-53.[3] Before dismissing a case on such a motion from the United States, the Court must give the Relator an opportunity to be heard and to attempt to convince the United States why it should allow the case to continue. Mr. Schneider made that attempt in writing and through counsel's presentation at the motion hearing on February 27, 2019. Having not been persuaded, the United States reaffirmed its desire to dismiss this action.

The Court finds that, consistent with *Smith* and *Hoyte*, the United States has "unfettered discretion" to dismiss *qui tam* actions, *Hoyte*, 518 F.3d at 65, and having heard from Relator on the issue, the Court will dismiss the case.

## IV. CONCLUSION

For the reasons set forth above, United States' Motion to Dismiss, Dkt. 135, will be granted. The case will be dismissed and Relator's Motion for Leave to File a Third Amended

---

proper venue because the underlying National Mortgage Settlement was approved by this Court and Defendants conduct business in the District of Columbia. *See* 31 U.S.C. § 3732(a).

[3] Both *Swift* and *Hoyte* mention "fraud on the court" as a possible exception to the unfettered deference provided to the government to dismiss *qui tam* suits. *See Swift*, 318 F.3d at 253; *Hoyte*, 518 F.3d at 65. However, as in *Swift* and *Hoyte*, there is no evidence here to suggest any fraud or any other "exceptional circumstance to warrant departure from the usual deference we owe the Government's determination whether an action should proceed in the Government's name." *Hoyte*, 518 F.3d at 65.

5

Complaint and Defendants' Motion for Leave to File Surreply will be denied as moot. A memorializing Order accompanies this Memorandum Opinion.

Date: March 6, 2019

ROSEMARY M. COLLYER
United States District Judge